UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MIRANDA K. EKSUND,<br><br>    Plaintiff,<br><br> v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security Administration,<br><br>    Defendant. | CASE NO. C07-5450JKA<br><br>ORDER AFFIRMING<br>ADMINISTRATIVE DECISION |

  This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter has been briefed and after reviewing the record, the Court affirms the Social Security Administration's decision denying plaintiff's application for social security benefits.

  Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision denying plaintiff's January 18, 2005 application for social security benefits. Specifically, plaintiff argues (1) the ALJ's decision is not supported by substantial evidence when he found she is capable of returning to her past employment; (2) the ALJ failed to utilize the services of a vocational expert; and (3) the ALJ failed to properly consider lay witness statements.

  After reviewing the record, the court finds and orders as follows:

  1. This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less

than a preponderance. <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); <u>Carr v. Sullivan</u>, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. <u>Allen v. Heckler</u>, 749 F.2d 577, 579 (9th Cir. 1984).

      2. The ALJ properly reviewed and considered the medical evidence, including Plaintiff's Plaintiff's mental health impairments and her non-exertional limitations, and her findings are properly supported by substantial evidence. Plaintiff argues substantial evidence does not support the ALJ's finding that she is able to work as a floral arranger or napkin folder and table setter at a convention center. Plaintiff argues Dr. Peterson's opinion – that her work in floral design was too much of a challenge for Plaintiff – mandates a different finding and there is nothing else in the record to refute this opinion. Plaintiff argues her work as a napkin folder and table setter does not qualify as substantial gainful activity, and thus, the ALJ erroneously included it as past relevant work in the step-four decision making process.

The undersigned is not persuaded. Past relevant work may included part-time, totally unpaid , and/or merely seasonal work. <u>Katz v. Secretary of HHS</u>, 972 F.2d 290 (9th Cir. 1992); <u>Keyes v. Sullivan</u>, 894 F.2d 1053 (9th Cir. 1990); <u>Byington v. Chater</u>, 76 F.3d 246 (9th Cir. 1996). It need only require significant mental and physical activities to be substantial. 20 C.F.R. §§ 404.1572(a), 416.972(a). To be gainful it need only be "the kind of work usually done for pay or profit[.]" 20 C.F.R. §§ 404.1572(b), 416.972(b). "Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity." <u>Lewis v. Apfel</u>, 236 F.3d 503, 515 (9th Cir. 2001); 20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1).

Here, Plaintiff worked at the Landmark Convention Center as a linen prep person. She was responsible for folding napkins, setting the tables, bussing dishes, washing dishes, and putting the dishes away (Tr. 692). She performed the job successfully for ten months (Tr. 22). The ALJ discussed that the work was simple, unskilled, and had been performed long enough for Plaintiff to learn how to do it (Tr. 22). The ALJ had previously discussed that Plaintiff successfully worked from a list of tasks and that the job had ended because of a downturn in the economy, not because she was unable to do it (Tr. 17, 22).

With regard to the ALJ's finding that Plaintiff could perform work as a floral arranger, the ALJ

1  did not discuss this finding in the context of step-four (Plaintiff's ability to return to past relevant work)
2  as argued by Plaintiff.  In contrast, the ALJ discussed this job, alternatively, in the context of Plaintiff's
3  ability to "do other work" at step-five (Tr. 22-23).

4  The undersigned finds no error in the ALJ's step-four finding.  The ALJ correctly found Plaintiff's
5  work folding linens and setting tables was past relevant work that she is capable of performing (Tr. 22)

6  3.  The ALJ was not required to utilize the services of a vocational expert.  Plaintiff argues the
7  ALJ was required to utilize a vocational expert due to the limitations caused by Plaintiff's non-exertional
8  limitations.

9  As noted above the ALJ did not err in her finding at step-four.  An ALJ is not required to utilize a
10 vocational expert at step four, despite the existence of nonexertional limitations.  A vocational expert's
11 testimony can be useful, but is not required at step four. Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir.
12 1993). When there are no exertional limitations, as in the present case, a vocational resource is only
13 required at step-five when the situation is complex.  Tackett v. Apfel, 180 F.3d 1094, 1104 (9th Cir. 1999).

14 Here,  Plaintiff provided sufficient information for the ALJ to determine the demands of her past
15 work as she performed it (Tr. 194, 692).  Moreover, the ALJ relied on medical evidence that supported a
16 the finding that Plaintiff's limitations do not render her completely disabled.  For example, the ALJ
17 properly rejected the opinion of Dr. Press, and relied on the opinions of Dr. Lewy (the medical expert),
18 State Agency experts, and Dr. Stein.  The ALJ's step-four determination was based on substantial
19 evidence and did not need additional testimonial evidence from a vocational expert.  The court notes that
20 "When there is conflicting medical evidence, the [Commissioner] must determine credibility and resolve
21 the conflict." Thomas v. Barnhart, 278 F.3d 947, 956- 957 (9th Cir. 2002) (*quoting* Matney v. Sullivan,
22 981 F.2d 1016, 1019 (9th Cir. 1992)). Even if the evidence were "susceptible to more than one rational
23 interpretation, it is the ALJ's conclusion that must be upheld." Burch v. Barnhart, 400 F.3d 676, 679 (9th
24 Cir. 2005).

25 4.  The ALJ properly considered the evidence, including the lay witness statements.  Plaintiff
26 argues the ALJ failed to properly consider the opinions and statements submitted by Plaintiff's mother and
27 stepfather.

28 The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's

1 interests are considered. Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). The ALJ can reject the
2 testimony of lay witnesses only if s/he gives reasons germane to each witness whose testimony s/he
3 rejects. Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 919 (9th
4 Cir. 1993). An ALJ cannot disregard lay witness testimony without comment. Stout v. Comm'r of Soc.
5 Sec. Admin., 454 F.3d 1050, 1053 (9th Cir.2006).

6      Here, although the ALJ may not have not explicitly discussed the statements or identified the
7 source of the comments and alleged limitations, the ALJ's discussion of the lay witness evidence was
8 sufficient. For example, it is clear the ALJ reviewed and considered the limitations opined by Plaintiff's
9 stepfather, Gary Vance (Tr. 21). The ALJ noted that Mr. Vance's claim Plaintiff "is not allowed to use
10 the stove" was contrary to Plaintiff's testimony about her activities (Tr. 21-22). The ALJ further
11 discussed other activities by Plaintiff that contradicted Mr. Vance's claims. The ALJ also specifically
12 referred to the statements of Plaintiff's mother, Cheryl Vance and partly accepted some of the limitations
13 she opined, including "dealing socially with others" and limiting the number of steps in the tasks Plaintiff
14 can perform (Tr. 18, 21-22). In her opinion, the ALJ contrasted Plaintiff's demonstrated abilities with her
15 mother's claims (Tr. 21-22).

16      In rejecting lay testimony, the ALJ need not cite to the specific record as long as "arguably
17 germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his
18 determination to those reasons," and substantial evidence supports the ALJ's decision. Lewis v. Apfel,
19 236 F.3d 503, 512 (9th Cir. 2001) Lay testimony may be rejected if it is inconsistent with the record of a
20 claimant's activities or the objective evidence in the record. Bayliss v. Barnhart, 427 F.3d 1121, 1218 (9th
21 Cir. 2005). The ALJ in this matter properly considered the lay witness statements in the context of
22 determining the severity of Plaintiff's limitations.

23      4. Accordingly, the Court AFFIRMS the Social Security Administration's final decision and this
24 matter is DISMISSED in favor of defendant.

25      DATED this 27th day of May, 2008.

26

27                                        */s/ J. Kelley Arnold*
                                       J. Kelley Arnold
                                       U.S. Magistrate Judge
28